IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MATTHEW STEPHEN SNOW**                                                                 **PLAINTIFF**

V.                            No. 4:25-CV-00423-JM-ERE

**SOCIAL SECURITY ADMINISTRATION,**
Commissioner                                                                             **DEFENDANT**

**ORDER**[1]

Plaintiff Matthew Snow appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.    Background**

In 2022, Mr. Snow filed an application for benefits due to depression, attention deficit disorder, bipolar disorder, autism, post-traumatic stress disorder ("PTSD"), and a nervous breakdown. *Tr. 13, 190, 200, 249.*

Mr. Snow's claim was denied initially and upon reconsideration. At Mr. Snow's request, an Administrative Law Judge ("ALJ") held a hearing on April 10, 2024, where Mr. Snow appeared with his lawyer, and the ALJ heard testimony from Mr. Snow and a vocational expert ("VE"). *Tr. 29-62.* On May 21, 2024, the ALJ issued a decision finding that Mr. Snow was not disabled. *Tr. 13-23.* The Appeals

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 13.*

1

Council denied Mr. Snow's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3*.

Mr. Snow, who was forty-seven years old at the time of the hearing, attended some college and has past relevant work experience as an assistant manager and in fragrance retail sales. *Tr. 21, 55*.

## II.   The ALJ's Decision[2]

The ALJ found that Mr. Snow had not engaged in substantial gainful activity since the alleged onset date of March 10, 2020. *Tr. 15*. The ALJ also concluded that Mr. Snow had the following severe impairments: generalized anxiety disorder, PTSD, depression, autism, and agoraphobia. *Id.* However, the ALJ concluded that Mr. Snow did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16*.

According to the ALJ, Mr. Snow had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with the following limitations: (1) only simple tasks with simple work instructions and procedures; (2)

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

can adapt to changes in work that are simple, predictable, and easily explained; and (3) only occasional contact with co-workers, supervisors, and the public. *Tr. 18.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Snow could perform, including laundry worker and cleaner. *Tr. 22, 59.* Accordingly, the ALJ determined that Mr. Snow was not disabled.

### III.   Discussion

####   A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B.     **Mr. Snow's Arguments for Reversal**

Mr. Snow contends that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly evaluate and explain the reasons for finding treating therapist APRN Danielle Jenkins' opinions unpersuasive. *Doc. 9*. After carefully considering the record as a whole, I affirm the Commissioner.

C.     **Analysis**

Mr. Snow alleges that the ALJ erred when addressing Nurse Jenkins' opinions regarding his mental impairments. *Id*. Mr. Snow points out that Nurse Jenkins indicated on a medical opinion questionnaire that he has marked limitations related to sustained concentration and persistence, social interaction, and adaptation. *Doc. 9, Tr. 740-741*. She also provided a paragraph summary of Mr. Snow's mental impairments and their affect on his activities of daily living. *Tr. 741*.

However, the ALJ found that Nurse Jenkins' opinions were not persuasive because they were: not supported by or consistent with the record; vague; contradicted by the mental exams she performed; and inconsistent with Mr. Snow's activities of daily living. *Tr. 21*. The ALJ then pointed to numerous places in the record supporting these findings. For example, Nurse Jenkins' treatment notes repeatedly indicated unremarkable, normal behavior and thought content by Mr. Snow as well as his reports to Nurse Jenkins that he was doing "alright." Tr. 509,

533, 562, 566, 574, 578, 583, 588, 610, 622, 660. A treatment provider's statements may be discounted if they are inconsistent with the overall assessment of the treatment provider or the opinions of others, especially where the other opinions are supported by more or better medical evidence. *Prosch v. Apfel*, 201 F3.d 1010, 1013-14 (8th Cir. 2007); *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007) (an ALJ is not required to give controlling weight to the opinion of a treating physician if the opinion is inconsistent with the other substantial evidence in the record). The ALJ properly noted that Mr. Snow was never psychiatrically hospitalized for his mental impairments and that "treatment and therapy were regular in nature without reports of exacerbation . . . ." *Tr. 19*. In fact, Mr. Snow advised Nurse Jenkins that he was improving with therapy and medication. *Tr. 563*. Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); see *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

    The ALJ also noted an inconsistency between Nurse Jenkins' finding on March 4, 2024 that Mr. Snow could not drive, and Mr. Snow's April 10, 2024 hearing testimony that he can drive, though it stresses him out. *Tr. 21, 45, 608.* The ALJ found that Mr. Snow's activities of daily living (rescuing kittens, online gaming, using social media, writing song lyrics, etc.) far exceeded the marked limitations indicated by Nurse Jenkins. *Tr. 21, 617, 624, 636, 648, 699, 702, 716.*

Ultimately, the ALJ found that the overall record "shows function greatly in excess of what was opined" by Nurse Jenkins. *Tr. 21*. Although Mr. Snow clearly has mental impairments, the Court will not reverse the Commissioner's decision "merely because substantial evidence exists for the opposite decision." *Long*, 108 F.3d at 187. The ALJ did not err in his assessment of Nurse Jenkins' opinions.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Snow's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 20 January 2026.

_____
UNITED STATES MAGISTRATE JUDGE